# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| HENRY N. WHITE, | : | Case No. 2:22-cv-1869 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Chelsey M. Vascura |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, Henry N. White, an inmate at the Grafton Correctional Institution who is proceeding without counsel, has filed a civil rights action under 42 U.S.C. § 1983. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges.

Plaintiff has filed an Application to proceed *in forma pauperis* and without the prepayment of fees under 28 U.S.C. § 1915, supported by an affidavit and certified trust fund account statement. (ECF No. 1.) For the following reasons, the undersigned **RECOMMENDS** that the Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they

have or can get." *Id*. at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*.

Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc*. Sec., No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec*., 2014WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)).

Here, the information set forth in Plaintiff's Application does not demonstrate his inability to pay the filing fee. Petitioner's Application reflects that as of March 29, 2022, he had $1,255.27 on account to his credit at the prison where he is incarcerated. (ECF No. 1, PageID 6, 10.) He also states that he has $1,295.00 in a checking or savings account outside the prison. (*Id*. at PageID 3.) Plaintiff receives income from the prison of $18.00 per month (*id*. at PageID 2, 10) and veterans disability benefit payments of $152.00 per month (*id*. at PageID 2-3, 9-10). The undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself.

Accordingly, it is **RECOMMENDED** that Plaintiff's Application to proceed *in forma pauperis* (ECF No. 1) be **DENIED** and that Plaintiff be ordered to pay the full $402 fee ($350 filing fee, plus $52 administrative fee) required to commence this action within thirty days. It is also **RECOMMENDED** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

Plaintiff is advised that should he pay the filing fee, his claims will be screened in accordance with 28 U.S.C. § 1915 and that his claims could be subject to dismissal for failure to state a claim.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE